The **TAYLOR WINE COMPANY, INC.,**
et al., Plaintiffs,

v.

**DEPARTMENT OF the TREASURY**
et al., Defendants.

Civ. A. No. 81–0125.

United States District Court,
District of Columbia.

Feb. 13, 1981.

has 30% fewer calories than their regular chablis. It is also lower in alcohol content (the light chablis is 8.7% alcohol; the regular chablis is 11.25% alcohol). Before Plaintiff can market the light chablis, they must obtain Defendants' approval of their label.[1] Plaintiffs submitted several labels to Defendants for their approval, which stated, essentially, that

   (a) the name of the wine is Taylor California Light Chablis of California;

   (b) that the wine has 30% fewer calories than their regular chablis; and

   (c) the specific caloric and alcoholic content of the wine.

It is uncontested that the light chablis has 30% fewer calories than Plaintiffs' regular chablis, that the specific information pertaining to alcoholic and caloric content is accurate, and that the wine meets all of Defendants' definitions pertaining to the word "light." Nevertheless, Defendants have refused to approve any of Plaintiffs' proposed labels.

Defendants contend that the use of the word "light" in conjunction with information pertaining to caloric content is misleading, and that their refusal to approve the proposed labels is neither arbitrary nor capricious.[2] In sum, Defendants assert that (a) the FAAA gives the agency broad discretion in fashioning a regulatory scheme which will provide adequate information to the consumer and preclude deception; (b) the regulations promulgated pursuant to the FAA provides that "light" wine defines a class of wines containing less than 14% alcohol, and prohibits marketing that in any way qualifies this definition; (c) that the word "light" means less calories for beer because of substantial marketing by the major breweries, but does not contain the same meaning for wines; (d) if such a change in the definition of the word "light" is to be made for wines, it should be made through formal rulemaking proceedings,

Deborah F. Neipris, Weil, Gotshal & Manges, Washington, D. C., for plaintiffs.

William H. Briggs, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court are Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs' Motion for a Permanent Injunction and Declaratory Relief, Defendants' Motion for Summary Judgment, and all Oppositions thereto. Pursuant to this Court's Order dated January 26, 1981, Plaintiffs' Motions were consolidated, and a hearing on all motions was held on February 11, 1981. This action arises under the first amendment to the United States Constitution, the Federal Alcohol Administration Act (FAAA), 27 U.S.C. § 201 *et seq.*, the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, and the Declaratory Judgment Act (DCA), 28 U.S.C. §§ 2201–2202.

## FACTS

Plaintiffs have developed a product that it wants to call "Taylor California Cellars Light Chablis of California" (hereinafter referred to as "light chablis"). This chablis

---

1. 27 U.S.C. § 205(e).

2. It is clear that the arbitrary and capricious standard is applicable to Plaintiffs' statutory contentions. *See* 5 U.S.C. § 706(2)(B) and (C); *Mourning v. Family Publications Service, Inc.,*

411 U.S. 356, 371–372, 93 S.Ct. 1652, 1661–62, 36 L.Ed.2d 318 (1973); *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

not through the unilateral actions of one wine maker;[3] (e) because of the marketing of light beer by major breweries, Plaintiffs' labels would effectively change the meaning of "light" as applied to wines; (f) Plaintiffs' labels would be misleading because they would change consumers' perceptions about the meaning of the word "light" as it pertains to "wine," while any wine maker can call a wine light, regardless of its caloric content, so long as it has less than 14% alcohol; and (g) approving Plaintiffs' labels would give Plaintiff an unfair competitive advantage over other wine makers.

## ANALYSIS

■ The FAAA gives the Defendants broad discretion to fashion a regulatory scheme designed to preclude deception. 27 U.S.C. § 205(e). The regulations promulgated thereunder are, for the most part, consistent with the statutory objective. 27 C.F.R. at Part 4. The regulations applicable to the instant case provide, in pertinent part:

§ 4.21  The standards of identity

Standards of identity for the several classes and types of wine set forth in this part shall be as follows:

(a) Class 1; grape wine . . .

(2) "Table wine" is a grape wine having an alcoholic content not in excess of 14% by volume.  Such wine may also be designated as "light wine," "red table wine," "light white wine," . . . as the case may be.

§ 4.32  Mandatory Label Information.

(a) Except as otherwise provided in paragraph (c) of this section [relating to

imported wine] there shall be stated on the brand label [the wine's] . . .

(2) Class, type, or other designation, in accordance with § 4.34.

§ 4.34  Class and type

(a) The class and type of the wine shall be stated in conformity with Subpart C [this includes § 4.21] of this part if the wine is defined therein, except that "table" ["light"] and "dessert" wines need not be designated as such.

§ 4.38  General requirements

(f) Additional information on labels

Labels may contain information other than the mandatory label information required by §§ 4.30–4.39, if such information complies with the requirements of such sections and does not conflict with, *nor in any manner qualify statements required by this part.*  In addition, *information which is truthful, accurate, and specific, and which is neither disparaging nor misleading may appear on wine labels.*  (emphasis added)

■ Under the statute and regulations cited above, Plaintiffs' regular chablis and their light chablis both qualify as "light" wines; each has an alcoholic content less than 14%.  Nothing in the statute, regulations, or Defendants' interpretation of the statute or regulations, prohibits Plaintiffs from describing either wine as "light," or from using the word "light" as an adjective to describe the wines' taste, color, bouquet, or consistency.[4]  Thus, Defendants presently have no authority to preclude Plaintiffs from using the word "light" to classify either chablis,[5] and any attempt to do so

---

**3.** Defendants support their allegation that formal rulemaking proceedings are necessary to change the definition of the word "light" by referring to alleged consumer confusion that resulted from the marketing of light beer. In reaction to this confusion, Defendants claim that an objective standard (i. e. light wine has fewer than "x" calories) may be preferable to the relative standard that now pertains to beer. Nothing in this Opinion should be construed to preclude the application of an objective standard; it is not now before the Court.

**4.** Thus, Defendants have permitted wine makers to "qualify" the class of wine with subjec-

tive, admittedly untested statements. Apparently, Defendants have concluded that such statements would not mislead consumers in violation of 27 C.F.R. § 4.38.

**5.** Of course, if Defendants believe that the word "light" has adopted or will adopt a new or additional meaning, they may promulgate new regulations or amend the existing regulations to prevent consumer confusion. If Defendants can meet the requirements of 5 U.S.C. § 553(b)(3)(B), they can minimize any misconceptions resulting from any redefinition of the word "light."

would violate the APA, 5 U.S.C. § 706(2)(A) and (C). *See Sea-Land Air Service v. Kreps,* 566 F.2d 763 (D.C.Cir.1977).

Plaintiffs also have both a statutory and constitutional right to put the information regarding caloric and alcoholic[6] content on their label. The information is "truthful, accurate, and specific, and is neither disparaging nor misleading." 27 C.F.R. § 4.38. The information Plaintiffs are attempting to disclose is purely objective in nature, easily verifiable,[7] and in no way misleading. It is undisputed that consumers are extremely interested in the information. As information that is "self-contained and self-explanatory," *Friedman v. Rogers,* 440 U.S. 1, 12, 99 S.Ct. 887, 895, 59 L.Ed.2d 100 (1979), with significant "intrinsic meaning," *Id.,* its disclosure is accorded first amendment protection. *See also Virginia Pharmacy Board v. Virginia Citizens Consumer Council,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976).

Defendants do not allege that using the word "light" in conjunction with the caloric content of the wine would in any way confuse or mislead consumers with regard to Plaintiffs' wines. Indeed, Defendants have interposed no objections to Plaintiffs use of either the word "light" or disclosure of the caloric information if done in isolation. Rather, they fear that if Plaintiffs market the wine as a light chablis with fewer calories,[8] this marketing, in conjunction with that of the major breweries, will serve to change the meaning of the word "light" as it applies to wine.[9] Thus, consumers will be misled if they buy wines, other than Plaintiffs', that are described as light, because those wines will in all likelihood have a normal caloric content. Defendant contends that this fear is rational,

that they have the statutory authority to prevent its occurrence, and that the exercise of its authority interposes no constitutional problems.

Defendants' assertion is misplaced. The FAAA, 27 U.S.C. § 205(e)(1), authorizes Defendants to prohibit, through the enactment of regulations, the appearance of deceptive, misleading, or irrelevant data on labels. The obvious intent of the statute was to prevent a wine maker from deceiving or misleading those who might purchase their wines, not those who might purchase the products of others. Defendants admit that Plaintiffs labels contain only relevant information that would not deceive or mislead the consumers of Plaintiffs' light chablis. Thus, Defendants have exceeded their statutory authority by holding Plaintiffs accountable for the potential confusion of individuals who consume other wines. *See NLRB v. Brown,* 380 U.S. 278, 290–292, 85 S.Ct. 980, 987–988, 13 L.Ed.2d 839 (1965).

Defendants' reliance on 27 C.F.R. § 4.38 is also in error. That regulation would preclude the information in question if it qualified information *required* by FAA regulations. It is undisputed, however, that information pertaining to the class of table (light) and dessert wines is *not* required by the regulations. 27 C.F.R. § 4.34. While an agency's interpretation of its own regulation must be accorded deference, when the administrative construction is contrary to the plain and sensible meaning of the regulation, courts need not defer to it. *Hart v. McLucas,* 535 F.2d 516, 520 (9th Cir. 1976).

Assuming *arguendo* that Defendants have the statutory and regulatory authority to support their action in the instant case, prohibiting Plaintiffs from disclosing the

---

6. Defendants do not oppose Plaintiffs' use of the word "light" in conjunction with information pertaining to alcoholic content.

7. *See Virginia Pharmacy Board v. Virginia Citizens Consumer Council,* 425 U.S. 748, 775–781, 96 S.Ct. 1817, 1832–35, 48 L.Ed.2d 346 (Stewart, J. concurring). In fact, all of the information at issue in this case has already been verified to Defendants' satisfaction.

8. Plaintiffs have admitted that they plan a substantial marketing campaign for the light chablis.

9. Plaintiffs marketing studies show that the word "light" already means "fewer calories" to the wine drinking public. While Defendants deny that this is the case, they have presented no evidence refuting Plaintiffs' marketing studies.

caloric content [10] of the wine is clearly unconstitutional. Plaintiffs' attempt to disclose the information is accorded first amendment protection.[11] In the commercial speech arena, the first amendment requires that the Court balance the governmental interest in question against the individual's first amendment rights. *Friedman v. Rogers*, 440 U.S. at 8–11, 99 S.Ct. at 893–95. The governmental interest in the instant case is minimal. Defendants have known for at least six years that changing the meaning of the word "light" would pose regulatory problems. Defendants have admitted that they have already rebuffed several wine makers in their attempts to market a light, lower calorie wine. Yet Defendants have done nothing to ameliorate this problem. Their conspicuous inaction militates against the finding of a strong governmental interest in the instant litigation. Plaintiffs' first amendment rights are accentuated because the information is objective and verifiable in nature, *Id.*, and clearly outweigh the governmental interest asserted herein.

---

**10.** Defendants admit they cannot preclude the word "light" from appearing on the labels. *See* page 794, *supra*.

**11.** *See* page 795, *supra*.